UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT JAMES HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00140-JAW |
| | ) | |
| JUSTICE JENNIFER ARCHER et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On April 24, 2024, Robert James Hart filed a complaint against the local sheriff, court clerk, prosecutor, and judge involved in his prosecution, alleging they were violating his constitutional rights to a speedy trial, effective assistance of counsel, and the double jeopardy clause. *Compl.* (ECF No. 1).

Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1977e, the United States Magistrate Judge screened Mr. Hart's complaint to determine if it presented legally cognizable claims or whether it should be dismissed, *see* 28 U.S.C. § 1915A, and filed his Recommended Decision with the Court on May 10, 2024. *Report and Recommended Decision After Review of Compl.* (ECF No. 5) (*Recommended Decision*). Mr. Hart objected to the Recommended Decision on May 22, 2024. *Obj. to Report and Recommended Decision* (ECF No. 7) (*Pl.'s Obj.*).

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended

Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and determines that no further proceeding is necessary. Although the Court adopts the Magistrate Judge's Recommended Decision, the Court writes briefly to emphasize a couple of points and hopefully give Mr. Hart some additional clarity.

Mr. Hart says that his detention for 18 months is a violation of the Speedy Trial clause of the Sixth Amendment to the United States Constitution. *Pl.'s Obj.* at 1. However, as the Magistrate Judge pointed out, multiple delays in Mr. Hart's proceedings were caused by his own actions—including his motion to dismiss, motion for a stay, interlocutory appeal, and attempt to get another lawyer. *Recommended Decision* at 8-9. As such, it is unclear how much of the delay is unwarranted in violation of the Speedy Trial Clause, and how much is self-created. Absent that information, the Court does not conclude that Mr. Hart's period of incarceration is either "extreme" or has "no end in sight," warranting dismissal. *See Recommended Decision* at 6.

Mr. Hart also says that he cannot provide the Court with the necessary transcripts "because the State Court is denying him access to those very transcripts." *Pl.'s Obj.* at 2. Mr. Hart seems to be asserting he has exhausted the possible avenues for relief in the state court. At the same time Mr. Hart "is evidently party to an ongoing interlocutory appeal from the denial of his motion to dismiss the charges in state court," and therefore, based on his own statements, he "has not yet exhausted

[or been denied] the available state court remedies for the double jeopardy claim." *Recommended Decision* at 7 (citing *Compl.* at 8).

The Court ORDERS that the Report and Recommended Decision of the Magistrate Judge (ECF No. 5) is hereby AFFIRMED and the Court DISMISSES the Complaint (ECF No. 1) without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2024